**ORIGINAL**

1  Scott D. Baker (SBN 84923)
   Email: sbaker@reedsmith.com
2  John P. Bovich (SBN 150688)
   Email: jbovich@reedsmith.com
3  Jonah D. Mitchell (SBN 203511)
   Email: jmitchell@reedsmith.com
4  James A. Daire (SBN 239637)
   Email: jdaire@reedsmith.com
5  REED SMITH LLP
   101 Second Street, Suite 1800
6  San Francisco, CA 94105-3659
   Telephone:  +1 415 543 8700
7  Facsimile:  +1 415 391 8269

8  Attorneys for Plaintiff
   Calix Networks, Inc.
9



FILED

DEC 2 8 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

   REED SMITH LLP
   A limited liability partnership formed in the State of Delaware

12  CALIX NETWORKS, INC., a Delaware        Case No.  CV 09  6038  HRL
    Corporation,
13                                          **COMPLAINT FOR DECLARATORY
                 Plaintiff,                 RELIEF**
14
         vs.
15                                          **DEMAND FOR JURY TRIAL**

    WI-LAN, INC., a Canadian Corporation,
16
                 Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Calix Networks, Inc. ("Calix") hereby alleges as follows:

1.      This is an action seeking judicial determinations that United States Patent No. 5,956,323 (the "'323 Patent") and United States Patent No. 6,763,019 B2 (the "'019 Patent") (collectively, the "patents-in-suit") are invalid and not infringed by Calix, either directly or otherwise.  In addition, Calix seeks a judicial determination that the '323 Patent is unenforceable.

## PARTIES

2.      Calix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1035 N. McDowell Blvd., Petaluma, California, 95954.

3.      Calix is informed and believes and thereon alleges that defendant Wi-LAN, Inc. ("Wi-LAN") is a corporation organized and existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.  As alleged herein, Wi-LAN has engaged in various acts in and directed to California.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code.  The Court's jurisdiction over the subject matter of these claims is based on 28 U.S.C. Sections 1331, 1338(a), 2201 and 2202.  In addition, the Court has supplemental jurisdiction over Calix's Fifth, Sixth, Seventh and Eighth Claims under 28 U.S.C. Section 1367(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

5.      Calix has produced and sold DSL products.  Wi-LAN purports to be the owner of all rights, title, and interest in and to the patents-in-suit.  Wi-LAN has made statements and

— 1 —

COMPLAINT FOR DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   representations threatening to assert the '323 Patent against Calix's products, including all of Calix's

2   Digital Subscriber Line ("DSL") products purportedly compliant with the International

3   Telecommunication Union ("ITU") G.992 and/or G.993 standards.  Furthermore, Wi-LAN has

4   confirmed its ability and willingness to file suit, including but not limited to as set forth in a

5   December 21, 2009 email which threatened to initiate an action against Calix upon "instructions" and

6   contained a draft Complaint for Patent Infringement against Calix.  Wi-LAN has also made

7   statements and representations threatening to assert the '019 Patent against Calix's products,

8   including Calix's C series Multiservice over Multiprotocol Platform products, IP Resource card and

9   associated line cards.  Furthermore, Wi-LAN has specifically accused Calix's products of infringing

10  the '019 Patent, including but not limited to as set forth in its October 8, 2008 letter to Calix.

11

12         6.       Calix has not infringed and does not infringe, either directly or otherwise, any valid

13  and enforceable claim of either of the patents-in-suit, either literally or under the doctrine of

14  equivalents.  A substantial controversy therefore exists between the parties which is of sufficient

15  immediacy and reality to warrant declaratory relief.

16

17         7.       This Court has personal jurisdiction over Wi-LAN.  Wi-LAN has conducted business

18  in and directed to California, including pertaining to the patents-in-suit, and has engaged in various

19  acts in and directed to California.  Wi-LAN is in the business of asserting patent infringement claims

20  and suing companies for patent infringement.  In connection with that business, Wi-LAN has

21  targeted and met with companies located in the Northern District of California.  Additionally,

22  inventors and former assignees of the patents-in-suit, attorneys responsible for the prosecution of the

23  '323 Patent, and purported licensees of the '323 Patent are believed to be located in California.

24

25                           **INTRADISTRICT ASSIGNMENT**

26

27

28

US_ACTIVE-102896754.4

COMPLAINT FOR DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

8.     Pursuant to Civil Local Rule 3-2(c) of the United States District Court for the Northern District of California, this action is an Intellectual Property Action and therefore assignable to any division.

## THE PATENTS

9.     The '323 Patent is entitled "Power Conservation for POTS and Modulated Data Transmission" and bears an issuance date of September 21, 1999.  A copy of the '323 Patent is attached hereto as Exhibit A.

10.     The '019 Patent is entitled "Method and System for Authenticated Fast Channel Change of Media Provided Over a DSL Connection" and bears an issuance date of July 13, 2004.  A copy of the '019 Patent is attached hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,956,323)

11.     Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

12.     Calix has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '323 Patent.

13.     As a result of the acts described in the foregoing paragraphs, an actual case or controversy exists between Calix and Wi-LAN as to whether the '323 Patent is not infringed by Calix.

COMPLAINT FOR DECLARATORY RELIEF

US_ACTIVE-102696754.4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

14.     A judicial declaration is necessary and appropriate so that Calix may ascertain its rights regarding the '323 Patent.

15.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Wi-LAN has made statements and representations threatening to assert the '323 Patent against Calix with knowledge of the facts stated in this Complaint.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,956,323)

16.     Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

17.     The '323 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

18.     As a result of the acts described in the foregoing paragraphs, an actual case or controversy exists between Calix and Wi-LAN as to whether the '323 Patent is invalid.

19.     A judicial declaration is necessary and appropriate so that Calix may ascertain its rights regarding the '323 Patent.

20.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Wi-LAN has made statements and representations threatening to assert the '323 Patent against Calix with knowledge of the facts stated in this Complaint.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,763,019 B2)

– 4 –

US_ACTIVE-102896754.4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

21.     Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

22.     Calix has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '019 Patent.

23.     As a result of the acts described in the foregoing paragraphs, an actual case or controversy exists between Calix and Wi-LAN as to whether the '019 Patent is not infringed by Calix.

24.     A judicial declaration is necessary and appropriate so that Calix may ascertain its rights regarding the '019 Patent.

25.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Wi-LAN has made statements and representations threatening to assert the '019 Patent against Calix with knowledge of the facts stated in this Complaint.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,763,019 B2)

26.     Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

27.     The '019 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

28.     As a result of the acts described in the foregoing paragraphs, an actual case or controversy exists between Calix and Wi-LAN as to whether the '019 Patent is invalid.

US_ACTIVE-102896754.4

COMPLAINT FOR DECLARATORY RELIEF

29. A judicial declaration is necessary and appropriate so that Calix may ascertain its rights regarding the '019 Patent.

30. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Wi-LAN has made statements and representations threatening to assert the '019 Patent against Calix with knowledge of the facts stated in this Complaint.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract – ITU)

31. Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

### The ITU's Rules And Policies Regarding Standards

32. Wi-LAN has asserted that certain Calix products having DSL capability purportedly compliant with the ITU G.992 and/or G.993 standards infringe the '323 Patent.

33. The ITU is a United Nations Agency and leading developer of technical standards. ITU members include engineers, scientists, agencies, and corporations whose technical interests relate to telecommunications and related disciplines. Members may participate in the standards-setting process by belonging to a particular task force.

34. To protect against unscrupulous conduct by a member seeking to benefit unfairly from, or to manipulate to its advantage, the ITU's standard-setting process, and to enable the ITU and its members to develop standards free from potentially blocking patents, the ITU has instituted policies and rules regarding the disclosure and licensing of patents.

US_ACTIVE-102896754.4

COMPLAINT FOR DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

35.     At all relevant times alleged herein, the ITU's rules and policies regarding patents are to ensure that a patent that embodies fully or partly an ITU standard be accessible to everybody without undue constraints.

36.     By way of example only, the ITU required its members to submit a Patent Statement and Licensing Declaration that requires the Patent Holder to declare that it believes to hold granted patents and/or pending applications, whose use would be required to implement an ITU standard. The ITU additionally, by way of example only, provides its members with the option of submitting a General Patent Statement and Licensing Declaration, through which the submitting party may make a general licensing declaration relative to material protected by patents contained in any of its contributions to a group within the ITU.

37.     The ITU formed a task force to develop standards for asymmetric digital subscriber line transceivers 2 ("ADSL2"). That task force published recommendation G.992.3. The ITU also formed a task force to develop standards for splitterless asymmetric digital subscriber line transceivers 2 ("splitterless ADSL2"). That task force published recommendation G.992.4. The ITU additionally formed a task force to develop standards for very high speed digital subscriber line transceivers ("VDSL"). That task force published recommendation G.993.1. The ITU additionally formed a task force to develop standards for very high speed digital subscriber line transceivers 2 ("VDSL2"). That task force published recommendation G.993.2.

**Patent Statements And Licensing Declarations Regarding ADSL and VDSL Standards**

38.     Upon information and belief, on June 7, 2001, Nokia High Speed Access Products Inc. ("Nokia") submitted a General Patent Statement and Licensing Declaration to the ITU. Nokia agreed therein that, in case part(s) or all of any proposals contained in contributions submitted by Nokia to the ITU were included in ITU-T Recommendation(s) and the included part(s) contained items that have been patented or for which patent applications have been filed and whose use would

– 7 –

US_ACTIVE-102696754.4

1   be required to implement ITU-T Recommendation(s), Nokia would license any such patents to an

2   unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms

3   and conditions.

4

5        39.    Upon information and belief, on May 5, 2003, Nokia submitted Patent Statement and

6   Licensing Declarations for G.992.3 Amendment 1, and G.992.4, in which Nokia agreed to license the

7   '323 Patent to an unrestricted number of applicants on a worldwide, nondiscriminatory basis and on

8   reasonable terms and conditions to manufacture, use and/or sell implementations of the G.992.3 and

9   G.992.4 ITU-T Recommendations.

10

11        40.    Upon information and belief, on June 11, 2004, Nokia submitted a Patent Statement

12   and Licensing Declaration for G.992.3 Amendment 3, in which Nokia agreed to license the '323

13   Patent to an unrestricted number of applicants on a worldwide, nondiscriminatory basis and on

14   reasonable terms and conditions to use the patented material to manufacture, use and/or sell

15   implementations of the G.992.3 ITU-T Recommendation.

16

17        41.    Nokia participated in the standards setting process for G.992.3 and G.992.4 from

18   1997 to 2007.  As a result of its membership in the ITU, Nokia agreed, both explicitly and implicitly,

19   that it would abide by the rules and policies of the ITU.  Wi-LAN, through its acquisition of the '323

20   Patent, is bound by Nokia's agreements with the ITU.  On information and belief, Nokia

21   representatives were aware of and were advised of the ITU patent policy and that Nokia participated

22   in the ITU in accordance with that policy.

23

24        42.    For consideration, including ITU membership and participation, Nokia entered into

25   an express and/or implied contract with the ITU's members, or alternatively, with the ITU to which

26   ITU members and others are third-party beneficiaries, in which Nokia agreed, among other things, to

27   abide by the ITU's policies and rules.  The ITU rules and policies, whether formal or informal,

28   including all stipulations, requirements and representations in any form, constitute a contract

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 8 —

US_ACTIVE-102896754.4

1   between Nokia and the ITU's members, or alternatively between Nokia and the ITU, to which ITU

2   members and others are third-party beneficiaries.

3

4       43.    Wi-LAN, through its acquisition of the '323 Patent by assignment from Nokia in

5   2007, is bound by all conduct, agreements, and licenses of Nokia with respect to the '323 Patent that

6   occurred prior to such assignment.  Nokia's Patent Statement and Licensing Declarations were

7   submitted to the ITU prior to the assignment of the '323 Patent.

8

9       44.    Wi-LAN is thereby bound by Nokia's agreement to license the '323 Patent on a

10   worldwide, nondiscriminatory basis and on reasonable terms and conditions for use of the patented

11   material to manufacture, use and/ or sell implementations of the G.992 and/or G.993 ITU-T

12   Recommendations.

13

14       45.    Wi-LAN breached its contractual obligations, including by offering a license to the

15   '323 Patent that was neither:  (a) on reasonable terms and conditions to use the patented material to

16   manufacture, use and/ or sell implementations of the G.992.3 and/or G.993 ITU-T

17   Recommendations; and/or (b) on worldwide, nondiscriminatory basis.

18

19       46.    Calix has incurred damages, and will be further damaged in the future due to Wi-

20   LAN's breach of its contractual obligations.

21

22             **SIXTH CLAIM FOR RELIEF**

23             **(Promissory Estoppel – ITU)**

24

25       47.    Calix repeats and realleges each and every allegation in the foregoing paragraphs as

26   though fully set forth herein.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 9 –

US_ACTIVE-102896754.4

48.     Nokia, the predecessor owner of the '323 Patent, made representations and engaged in other conduct, including representations that it would license the '323 Patent on reasonable and non-discriminatory terms and conditions.

49.     Nokia's representations and other conduct constituted promises to the ITU and its members.  By making those promises, Nokia knew or reasonably should have known that they would be relied upon.

50.     Wi-LAN, through its acquisition of the '323 Patent by assignment from Nokia in 2007, is bound by all conduct, agreements, and licenses of Nokia with respect to the '323 Patent that occurred prior to such assignment.

51.     The ITU and its members reasonably relied on the foregoing promises in adopting ITU G.992 and G.993 standards.  Calix further reasonably relied on the foregoing promises, and/or the ITU G.992 and G.993 standards, in investing substantial resources to develop and market products that Wi-LAN has accused of alleged infringement.

52.     Calix has been damaged as a result of it reasonable reliance as alleged herein, in developing and marketing products that have been accused by Wi-LAN of alleged infringement. Injustice can be avoided only by enforcement of Wi-LAN's promises.

## SEVENTH CLAIM FOR RELIEF
### (Unclean Hands)

53.     Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-102896754.4

COMPLAINT FOR DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

54.     Wi-LAN, acting with actual knowledge of the obligations imposed by Nokia's ITU membership and participation, has nevertheless intentionally and wrongfully attempted to extract an unreasonable license from Calix.

55.     Wi-LAN's wrongful conduct as alleged herein constitutes unclean hands and renders the '323 Patent unenforceable.

## EIGHTH CLAIM FOR RELIEF

### (Waiver)

56.     Calix repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

57.     Wi-LAN's wrongful conduct as alleged herein before the ITU constitutes a waiver of its rights to equitable relief under the '323 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Calix prays for judgment as follows:

a.     A judgment in favor of Calix on all of its Claims for Relief;

b.     A declaration that Calix does not and has not infringed, either directly or indirectly, any valid and enforceable claim of the '323 Patent;

c.     A declaration that the claims of the '323 Patent are invalid;

US_ACTIVE-102896754.4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

d.      A declaration that Calix does not and has not infringed, either directly or indirectly, any valid and enforceable claim of the '019 Patent;

e.      A declaration that the claims of the '019 Patent are invalid;

f.      An award declaring that Calix is the prevailing party and that this is an exceptional case, awarding Calix its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

g.      An award to Calix for the amount of damages as proven at trial, including punitive damages;

h.      A judgment limiting or barring Wi-LAN's ability to enforce the '323 Patent in equity;

i.      A judgment requiring Wi-LAN's specific performance to grant licenses of the '323 Patent to Calix on fair, reasonable, and non-discriminatory terms and conditions;

j.      An award to Calix of, and a declaration that Calix has, a royalty-free license for the '323 Patent;

k.      That Calix be awarded all of its costs incurred herein; and

l.      Such other and further relief as this Court may deem just and proper.

DATED:  December 28, 2009.

REED SMITH LLP

By_____
John P. Bovich
Attorneys for Plaintiff
Calix Networks, Inc.

US_ACTIVE-102896754.4

COMPLAINT FOR DECLARATORY RELIEF

## DEMAND FOR JURY TRIAL

Plaintiff Calix Networks, Inc. hereby demands a jury trial as to all such triable issues in this action.

DATED:  December 28, 2009.

REED SMITH LLP

By_____
    John P. Bovich
    Attorneys for Plaintiff
    Calix Networks, Inc.

US_ACTIVE-102896754.4

COMPLAINT FOR DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware